IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,                           No. CIV S-06-0220 WBS EFB PS

      vs.

THEODORE VICTOR ROY,

      Defendant.                         FINDINGS AND RECOMMENDATIONS

_____/

      This action, in which defendant is proceeding pro se, was referred to the magistrate judge under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). The action is proceeding on plaintiff's complaint, filed on February 2, 2006, to nullify and enjoin false lien filings by defendant. Presently before the court is plaintiff's motion for summary judgment and defendant's "petition to dismiss." By order dated May 26, 2006, the motion and "petition to dismiss" were submitted on the papers without oral argument.[1] The court now issues the following findings and recommendations.

////

////

---

[1] The action was subsequently reassigned to the undersigned on August 29, 2006.

1

I. BACKGROUND

Plaintiff, the United States of America, moves for summary judgment on its complaint filed February 2, 2006, and seeks an order declaring null and void a Uniform Commercial Code ("UCC") Financing Statement filed by defendant on August 31, 2005, and enjoining defendant from filing similar documents in the future.

In support of its motion for summary judgment, and in compliance with Local Rule 56-260, plaintiff filed a statement of undisputed facts. Defendant did not file any statement disputing those facts. Accordingly, the undisputed facts are as follows: On August 31, 2005, defendant filed with the Secretary of State of the State of California a UCC Financing Statement, Document Number 05-7039780251 ("UCC Financing Statement") describing as debtors Internal Revenue Service Officer Gregory Gillen ("Revenue Officer Gillen") and Mark W. Everson, Commissioner of the Internal Revenue Service ("Commissioner"). *See* United States' Statement of Undisputed Facts ("Statement of Undisputed Facts"), at ¶ 2. The UCC Financing Statement falsely describes both individuals as debtors and purports to encumber their real and personal property in a lien amount exceeding $ 219 million. *Id.*; Exhibit A to Declaration of G. Patrick Jennings ("Jennings Decl."). Neither the Commissioner nor Revenue Officer Gillen have had any contact with Mr. Roy, including in their official capacities.[2] *See* Declaration of Revenue Officer Gregory Gillen ("Gillen Decl."), at ¶ 3; Statement of Undisputed Facts, at ¶¶ 1, 3, 4. Neither has engaged in any contract or personal transaction with Mr. Roy and neither owes him money. Statement of Undisputed Facts, at ¶ 4. There is no legitimate reason for Roy to impose a lien on the property of either individual. *Id.* Plaintiff therefore asserts that defendant filed the lien to harass the Commissioner and Revenue Officer Gillen and to interfere with the administration of the internal revenue laws.

---

[2] In his declaration, Revenue Officer Gillen states that his name appears on a UCC filing in a case with another taxpayer, which was posted on the Internet. Mr. Gillen believes that is how defendant obtained his name and the Commissioner's name. Gillen Decl., at ¶ 2.

In response to the motion for summary judgment, defendant has filed a document entitled "Answer to Complaint to Nullify and Enjoin False Lien Filings," wherein he purports to "answer the recent filings, i.e.; Motion for summary Judgment." This document appears to be an attack on the court's jurisdiction over the present action, and does not address plaintiff's motion for summary judgment, nor does it set forth any statement of facts, disputed or otherwise.

II. MOTION FOR SUMMARY JUDGMENT

A. Standard

Summary judgment pursuant to Fed. R. Civ. P. 56(a) avoids unnecessary trials in cases with no disputed material facts. *See Northwest Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). At issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Two steps are necessary. First, according to the substantive law, the court must determine what facts are material. Second, in light of the appropriate standard of proof, the court must determine whether material factual disputes require resolution at trial. *Id.* at 248.

When the opposing party has the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). The moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex v. Cattret*, 477 U.S. 317, 323-24 (1986).

If the moving party meets its burden, the burden shifts to the opposing party to establish genuine material factual issues. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).[3] The opposing party must demonstrate that disputed facts are material, i.e.,

---

[3] The nonmoving party with the burden of proof "must establish each element of his claim with significant probative evidence tending to support the complaint." *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) (internal quotations omitted). A complete failure of proof on an

facts that might affect the outcome of the suit under the governing law, *see Anderson*, 477 U.S. at 248; *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that disputes are genuine, i.e., the parties' differing versions of the truth require resolution at trial, *see T.W. Elec.*, 809 F.2d at 631.  The opposing party may not rest upon the pleadings' mere allegations or denials, but must present *evidence* of specific disputed facts.  *See Anderson*, 477 U.S. at 248.[4]  Conclusory statements cannot defeat a properly supported summary judgment motion.  *See Scott v. Rosenberg*, 702 F.2d 1263, 1271-72 (9th Cir. 1983).

The court does not determine witness credibility.  It believes the opposing party's evidence, and draws inferences most favorably for the opposing party.  *See Anderson*, 477 U.S. at 249, 255.  Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences.  *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322).

If reasonable minds could differ on material facts at issue, summary judgment is inappropriate.  *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).  On the other hand, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita*, 475 U.S. at 587 (citation omitted).  In that case, the court should grant summary judgment.

B. <u>Analysis</u>

Plaintiff has demonstrated that no genuine issues of material fact exist and that it is entitled to the requested relief.  Section 7402(a) of the Internal Revenue Code specifically grants district courts jurisdiction "to make and issue in civil actions, writs and orders of injunction . . .

---

essential element of the nonmoving party's case renders all other facts immaterial, and entitles the moving party to summary judgment.  *Celotex*, 477 U.S. at 322.

[4]  A verified complaint may be used as an affidavit in opposition to the motion.  *Schroeder v McDonald*, 55 F. 3d 454, 460 (9th Cir. 1995); *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987) (*per curiam*).

4

and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a) This authority "empowers the district court to void common-law liens imposed by taxpayers on the property of government officials. . . ." *Ryan v. Bilby*, 764 F.2d 1325, 1327 (9th Cir. 1985); *see also Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985), *cert. denied*, 476 U.S. 1183 (1986) (affirming district court's release of liens imposed by taxpayers on the property of government officials); *United States v. Van Dyke*, 568 F. Supp. 820 (D. Or.1983) (enjoining the filing of common-law liens to harass IRS employees and deter tax law enforcement); *accord, United States v. Ekblad*, 732 F.2d 562, 563 (7th Cir. 1984) (U.S. has standing under 26 U.S.C. § 7402(a) and 28 U.S.C. § 1345 "to seek relief from actual or threatened interference with the performance of its proper governmental functions"); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (finding jurisdiction under 26 U.S.C. § 7402(a) and 28 U.S.C. § 1340, 1345 and 1357); *United States v Andra*, 923 F. Supp.157, 159- 60 (D. Idaho 1996) (granting declaratory and injunctive relief against tax protestors who filed real property liens against IRS agents).

Here, plaintiff has established that the UCC Financing Statement filed by defendant, which purports to impose a lien on the real and personal property of the Commissioner and Revenue Officer Gillen, is false and for purposes of harassment. Defendant has neither complied with Local Rule 56-260(b) (requiring that the party opposing a summary judgment motion admit or deny the moving party's statement of undisputed facts and submit supporting evidence), nor otherwise submitted any material facts or evidence to contradict plaintiff's supported allegations that the lien is invalid. Significantly, defendant has produced no evidence demonstrating that the challenged UCC Financing Statement is supported by any legitimate debt.

Accordingly, this court finds that there is no material factual dispute regarding the invalidity of the lien and plaintiff's motion for summary judgment must be granted. The court further finds that UCC Financing Statement No. 05-7039780251, filed by defendant on August 31, 2005, is a frivolous device intended to harass the Commissioner and Revenue Officer Gillen,

1  and therefore recommends that it be declared null, void, and without legal effect.

2  III.  PERMANENT INJUNCTION

3  Plaintiff also seeks a permanent injunction enjoining defendant from filing any document or instrument which purports to create a non-consensual lien or encumbrance of any kind against any federal government employees.

"[A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief.  A plaintiff must demonstrate:  (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837, 1839 (May 15, 2006) (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-313 (1982)).  Permanent injunctive relief is appropriate where there exists some cognizable danger of a recurrent incident.  *United States v. Laerdal Mfg. Corp.*, 73 F.3d 852, 854 (9th Cir. 1995) (citations omitted).  In making this determination, the court may consider "the degree of scienter involved; the isolated or recurrent nature of the infraction; the defendant's recognition of the wrongful nature of his conduct; the extent to which the defendant's professional and personal characteristics might enable or tempt him to commit future violations; and the sincerity of any assurances against future violations." *Id.* at 855.

The court finds that an injunction is warranted.  The bogus UCC Financing Statement filed by defendant purports to encumber the real and personal property of the Commissioner and Revenue Officer Gillen in a lien amount exceeding $ 219 million.  This false lien was filed for no purpose other than to harass the named individuals and deter them from performing their duties to enforce the Internal Revenue Code.  Such liens have the effect of clouding title to real and personal property and damaging credit ratings.  Defendant has caused Revenue Officer Gillen distress and anxiety, and has forced plaintiff to expend limited resources of time and

money to have the lien declared null and void. Gillen Decl., at ¶ 5; Jennings Decl., at ¶ 3-5. As such, the false lien "threaten[s] substantial interference with the administration and enforcement of the internal revenue laws." *Hart*, 545 F. Supp. at 473.

Although it does not appear that defendant has filed any other bogus liens in the past, an injunction is nonetheless warranted. *See Laerdal*, 73 F.3d at 855 (danger of recurrent incident can be shown by defendant's scienter, recognition of wrongful behavior, etc.). It is undisputed that plaintiff filed the patently false UCC Financing Statement in bad faith. None of the papers he has filed in response to this action acknowledge the clearly bogus nature of the lien or the wrongfulness of filing such a document. Rather, defendant's papers demonstrate a determined disregard for federal laws and a refusal to recognize this court's jurisdiction to adjudicate this matter. The tone and content of defendant's filings confirm the court's finding that an injunction is necessary to prevent defendant from filing similar false liens in the future, and that monetary or other relief would be inadequate to address defendant's wrongful acts.

In contrast, because the UCC Financing Statement has no factual or legal basis and is of no legal effect, defendant will not be injured by an injunction that bars him from filing similar false, non-consensual or non-statutory liens in the future. *See In re Martin-Trigona*, 763 F.2d 140, 141-42 (2d Cir. 1985), *cert. denied*, 474 U.S. 1061 (1986). Thus, the balance of hardships tips sharply in plaintiff's favor. Finally, the court finds that the public interest will be served by an injunction forbidding this harassment in the future for the reasons stated above.

Accordingly, this court recommends that defendant be permanently enjoined from filing any document or instrument which purports to create a non-consensual lien or encumbrance of any kind against any federal government employees.

/////

/////

/////

/////

IV. "PETITION(S) TO DISMISS"

It appears from the record that defendant filed two "petition[s] to dismiss."[5] Those filings challenge the court's subject matter jurisdiction. As noted, the Internal Revenue Code specifically grants district courts jurisdiction "to make and issue in civil actions, writs and orders of injunction . . . and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). Clearly, the section 7402(a) and 28 U.S.C. § 1340, 1345 and 1357 confer jurisdiction over this action. *Ryan v. Bilby*, 764 F.2d at 1327; *Cook v. Peter Kiewit Sons Co.*, 775 F.2d at 1035; *United States v. Hart*, 701 F.2d at 750. As discussed above, there is no question that the complaint seeks an order necessary for the enforcement of the internal revenue laws. The court therefore recommends that plaintiff's "petitions" filed on April 7, 2006 and April 24, 2006 be denied.

V. ATTORNEY'S FEES AND COSTS

Plaintiff requests an award of attorney's fees in the amount of $3,528.00. Attorney's fees are properly awarded "where a frivolous action is filed in bad faith, vexatiously, wantonly, or for oppressive reasons." *Wise v. Comm'r of IRS*, 624 F. Supp. 1124, 1129 (D. Mont. 1986) (citing *Alyeska Pipeline Servs. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975)). Although plaintiff initiated the present action, it was forced to do so in order to expunge defendant's bad faith filing of the frivolous and vexatious UCC Financing Statement. The court finds that an

---

[5] On April 7, 2006, plaintiff filed a "Petition to Dismiss for Failure to Dispute Answer FRCP 8(e)." By this "petition," it appears that defendant sought to dismiss the entire action because plaintiff did not file any pleading in response to defendant's answer, filed on March 6, 2006. Plaintiff's reliance on Fed. R. Civ. P. 8(e) is misplaced. Under the Federal Rules of Civil Procedure, there exists no pleading to be filed in response to an answer. Fed. R. Civ. P. 7(a). Similarly, on April 24, 2006, plaintiff filed a "Petition to Dismiss for Lack of Personal and Subject Matter Jurisdiction of the United States District Court Over Territory of a Foreign State and a State Citizen Domisiled [*sic*] in a Foreign State." This petition to dismiss is not made pursuant to any rule of the Federal Rules of Civil Procedure. Rather, it appears to object to the court's authority to exercise jurisdiction over the present action. Plaintiff has already established that jurisdiction is appropriate pursuant to 28 U.S.C. § 1345 and 26 U.S.C. § 7402.

award of attorney's fees is appropriate and that the requested amount is reasonable. *See* Memorandum of Points and Authorities in Support of United States' Motion for Summary Judgment, at 9:19-11:6; Jennings Decl., at ¶ 3-5.   Accordingly, the court recommends that plaintiff be awarded reasonable attorney's fees in the amount of $3,528.00.

VI. <u>CONCLUSION</u>

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's motion for summary judgment filed May 1, 2006, be granted;

2. UCC Financing Statement, Document Number 05-7039780251, filed by defendant on August 31, 2005, be adjudged and declared null, void and without legal effect;

3. Leave be granted for plaintiff to file the judgment and order of this court with the California Secretary of State and in the public records of any other jurisdiction where documents identical or similar to UCC Financing Statement, Document Number 05-7039780251, have, or may have, been filed by defendant;

4. Defendant Theodore V. Roy, his agents, employees and any other participants, be permanently enjoined from filing or attempting to file any document or instrument which purports to create any non-consensual lien or encumbrance against the person or property of any employee or officer of the United States;

5. Plaintiff be awarded reasonable attorney's in the amount of $3,528.00; and,

6. Defendant's "petitions to dismiss" filed on April 7, 2006 and April 24, 2006, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are

1 advised that failure to file objections within the specified time may waive the right to appeal the
2 District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,
3 951 F.2d 1153, 1157 (9th Cir. 1991).
4 DATED: January 17, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE